CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NEAL C. HONG (ILBN 6309265)
Assistant United States Attorney

    60 S. Market, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5081
    neal.hong@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 23-CR-00480 PCP |
| Plaintiff, | ) |
| | ) THE UNITED STATES' SENTENCING |
| v. | ) MEMORANDUM |
| | ) |
| JAMES LUNA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**INTRODUCTION**

After considering the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully recommends that the Court sentence Defendant, James Luna, to a term of 5 years of probation, including 24 months of home confinement.

**ARGUMENT**

The Government submits that the above recommended sentence is not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553. Prior to the commission of this offense, Defendant has had numerous misdemeanor and felony convictions. See PSR 29-39.[1] The majority of Defendant's priors are related to thefts. The instant offense is a drastic escalation in criminal behavior.

---

[1] The Government supports Probation's response to Defendant's objection to his criminal history points. *See* PSR Addendum Probation Officer's Response.

1

The nature and circumstances of the offense are serious. Defendant robbed a United States Postal Service letter carrier. In his plea agreement, Defendant admitted that he possessed a dangerous weapon, an airsoft gun, as a means of intimidation. However, the victim believed that Defendant had a firearm. *See* PSR 6-7. Defendant's actions made "December 30, 2022, at approximately 4:00 PM, [] a day that remains etched in [the victim's] memory." PSR 9.

It appears that the primary driver of his criminal conduct has been his serious drug addiction. Defendant began using serious drugs at a very early age. He started using methamphetamine at the age of 14, cocaine at the age of 15, and PCP at the age of 18. PSR 63. In his thirties he started using crack and opiates. *Id*. However, Defendant's drug use should not excuse his conduct—indeed, "[d]rug or alcohol dependence or abuse ordinarily is not a reason for a downward departure." U.S.S.G. §5H1.4. "Substance abuse is highly correlated to an increased propensity to commit crime." Id.

The "increased propensity to commit crime" is the Government's primary concern with respect to this defendant. As stated above, he has numerous criminal convictions. Prior state court sentences have not deterred his criminal conduct. Nevertheless, the Government believes that there are circumstances in this case that warrant leniency.

The primary reason for the Government's below Guidelines recommendation is Defendant's health condition. During the pendency of this case, Defendant was diagnosed with several serious diseases that drastically affected his health.[2] The effects of these conditions left Defendant physically frail and requires him to take several medications and undergo rehabilitation.

Defendant has been gainfully employed since 2024 as a meat and seafood clerk. PSR 69. He is scheduled to start a two-year apprenticeship to become a certified butcher. PSR 68. He is also attending college, maintaining a 3.5 GPA, and recently obtained a driver's permit. PSR 66, 68. These facts also mitigate the Government's concerns of Defendant recidivating.

More importantly, it appears that Defendant got his drug addiction under control. He completed residential treatment at New Bridge Foundation in 2025. PSR 65. He submitted negative drug test

---

[2] The Government verified this by reviewing Defendant's medical records.

results and has been sober for two years. *Id*. Equally important is that Defendant appears remorseful and recognizes the harm that he inflicted on the victim. *See* PSR 12.

Defendant's crime is serious, and his criminal history is troubling. But after carefully considering the mitigating facts of this case and after consulting with the victim, the Government submits that this recommendation reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.

**CONCLUSION**

For the reasons stated above, the United States respectfully recommends that the Court sentence Defendant to 5 years of probation, including 24 months of home confinement.

Dated: March 25, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


/s Neal Hong
NEAL C. HONG
Assistant United States Attorney